THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN CICARDO, Defendant.

City Magistrate's Court of City of New York, Traffic Court III, Borough of Brooklyn, June, 1931.

*William F. X. Geoghan, District Attorney [John T. Eno* of counsel], for the plaintiff.

*Seigmeister & Rayfiel [Isaac Seigmeister* of counsel], for the defendant.

MAGUIRE, J. The defendant is charged with a violation of the provisions of subdivision 1 of section 15 of the Vehicle and Traffic Law in that he drove and operated a motor vehicle on a public highway in the borough of Brooklyn, city of New York and State of New York, and failed and neglected to have said vehicle provided with adequate brakes in good working order and sufficient to control the same at all times when said vehicle was in use.

Subdivision 1 of section 15 of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap. 576), as far as the same is applicable to the present case, is as follows: " § 15. Equipment. 1. Every motor vehicle, operated or driven upon the public highways of the state, shall be provided with adequate brakes * * * in good working order and sufficient to control such vehicle at all times when the same is in use."

There was a collision between defendant's car and another automobile at Marcy avenue and Halsey street, Brooklyn. Shortly after the accident the brakes of the defendant's car were examined by a police officer who was called as a witness for the People and qualified as an expert brake tester. He testified that with the defendant driving his car at the rate of twenty miles an hour and upon applying the foot brake the car stopped in a distance of thirteen feet and eleven inches; that a car operated at a speed of twenty miles per hour which stopped within twenty-two feet upon applying the foot brake would, in his opinion, be equipped with an adequate foot brake. The defendant's car having stopped within thirteen feet eleven inches upon the application of the foot brake, while being operated at a speed of twenty miles per hour, was, therefore, equipped with an adequate foot brake.

The officer further testified that the defendant operating his car at a rate of twenty miles per hour, applied the emergency brake and the car stopped in a distance of eighty-seven feet; that in his opinion as an expert the defendant's car, operated at a speed of twenty miles per hour, if equipped with an adequate emergency brake, should have stopped within thirty-seven feet; that later he examined the emergency brake on defendant's car and found the top of the band on the emergency brake bent and not properly adjusted; also that he found a space of an eighth of an inch around the drum; that the drum was full of oil and that he showed defendant where the oil came from; that he took a piece of white paper and put it in the space between the band and the drum; that he then told the defendant to apply his emergency brake and move the car on the piece of paper; that there was a strip of grease showing it came from the band on the emergency brake; that defendant said it was grease; that in his opinion the defendant's

car was not equipped with an adequate emergency brake sufficient to control the car at all times while in use. This testimony is uncontradicted as defendant rested upon the conclusion of the People's case.

Counsel for defendant contends as follows:

1. That as defendant's car was equipped with an adequate foot brake, the defendant is not guilty of a violation of the statute.

2. That the emergency brake is intended for parking purposes only, and refers to subdivisions 3 and 4 of section 87 of the Vehicle and Traffic Law as proof thereof. Said subdivisions, as far as counsel for defendant contends in this case, are as follows:

3. The driver of a vehicle shall apply the emergency brake before leaving the same unattended on any public highway.

4. When a vehicle stands on a steep incline it shall be so parked that when the brakes are released, it shall run to the curb.

The contention that, as defendant's car was equipped with an adequate foot brake, he did not violate the statute because his emergency brake was not in good condition, is untenable. The statute reads " brakes " plural, not " brake," singular. If it were the intention of the Legislature to use the word " brake," singular, it could very easily have said that every motor vehicle operated or driven upon the public highways of the State shall be provided with an adequate foot brake (or an adequate emergency brake), in good working order and sufficient to control such vehicle at all times while in use. This the Legislature did not do and in my opinion the statute means just what it says, that the brakes of the motor vehicle must be adequate, which means that both the foot brake and the emergency brake must be in good working order and sufficient to control the car at all times when in use.

As to counsel for defendant's second contention, subdivisions 3 and 4 of section 87 of the Vehicle and Traffic Law have no application to the present case, but are provisions of law for the protection of the public where a car is parked and left unattended in the street to prevent same from rolling.

The word " emergency " is defined in the Standard Dictionary as follows: " A sudden or unexpected occurrence or condition calling for immediate action." The emergency brake (as the name implies) is for the purpose of bringing the car to a stop in a sudden or unexpected occurrence or condition, to be used in addition to the foot brake and also in case the foot brake should be out of order or unable to bring the car to a stop.

The emergency brake in defendant's car when applied by defendant, while his car was being operated at a speed of twenty miles per hour, stopped the car in a distance of eighty-seven feet. The

officer testified that had the emergency brake been adequate, it would have stopped the car within thirty-seven feet. This shows conclusively that the emergency brake is not for *parking* purposes only, but as above noted to be applied in an emergency to bring the car to a stop.

I have been unable to find any cases construing this statute except the case of *People* v. *Seltzer* (231 App. Div. 707), Appellate Division, First Department, which is an affirmance of a judgment of a conviction by a city magistrate (sitting as a Court of Special Sessions). In this case the defendant operated a car with a defective emergency brake, and was found guilty. Neither the trial court nor the appellate court wrote any opinion in the case.

For the reasons and upon the law set forth, the defendant is found guilty.